UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00659-SPM |
| | ) |
| RUG DOCTOR, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions of plaintiff Benjamin Thurman for leave to commence this civil action without prepayment of the required filing fees. (Docket No. 3; Docket No. 7). Having reviewed the motions, the Court finds that they should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Original Complaint**

Plaintiff is a self-represented litigant who filed an employment discrimination complaint on May 17, 2023. (Docket No. 1). In the complaint, he names Rug Doctor as the sole defendant. The complaint is on a Court-provided form, and is brought under Title VII of the Civil Rights Act of 1964 (Title VII).

With regard to his statement of claim, plaintiff asserts that he has been discriminated against on the basis of his race and color, and that he has been terminated from his employment,

2

harassed, and suffered retaliation. (Docket No. 1 at 4-5). Specifically, he states that on September 28, 2020, he was hired by Rug Doctor as a repair technician. (Docket No. 1 at 5). On September 29, 2021, he alleges that he "was going over documents at work and [noticed that] someone wrote a racially insensitive term on one of [his] documents." Plaintiff further claims that he was subjected "to sly personal slur words behind [his] back by [his] coworkers." He was eventually "written up and discharged for being disruptive," but he alleges that he was actually "harassed and discharged because of [his] race." Plaintiff concludes by stating that he is "being surreptitiously stalked and harassed." (Docket No. 1 at 6).

Concerning relief, plaintiff states that he wants to "sue this company so" that he is "no longer . . . being surreptitiously stalked, and harassed." (Docket No. 1 at 7).

On June 5, 2023, the Court received from plaintiff a "Memorandum for Clerk," which contained exhibits in support of his complaint. (Docket No. 5). The Court has reviewed the exhibits and will treat them as part of the pleadings.[1]

The first exhibit is a Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. (Docket No. 5 at 2). In the charge, plaintiff states that he was hired as a repair technician on September 28, 2020, and was harassed and discharged because of his race, which is African American. More particularly, he asserts that while going over work documents, he noticed that someone had written "a racially insensitive term on one of the documents," and that he was "subjected to words behind

---

[1] See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). See also Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and Pratt v. Corrections Corp. of America, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

[his] back by [his] coworkers." Plaintiff concludes that his discharge came about due to his race, in violation of Title VII.

The second exhibit is a document in which plaintiff claims that he is being surreptitiously stalked due to workplace retaliation. (Docket No. 5 at 3). He alleges that "[t]hey are trying everything they can to harass, coerce, convince, manipulate, [and] annoy" him, and are trying to make it look like he has "a mental health problem." Plaintiff asserts that his "privacy has been invaded," and that before his termination at Rug Doctor, he "was targeted," and his "personal information . . . displayed behind [his] back in a sly, sneaky, surreptitious way."

Plaintiff states that on September 29, 2021, he "received a work document with [a] racist slur written on it." When he showed this to a manager, he "was told to disregard it." According to plaintiff, over the course of two years, he was harassed, moved around, given bad performance write-ups, and ultimately terminated. Before his termination, plaintiff states that his "brother ended up dead." He suggests the involvement of a coworker, stating that at the time of his brother's death, this unnamed individual – who did not like plaintiff – took vacation, and later returned clean shaven and with a haircut, "as if he had gotten away with something."

Following his termination, plaintiff states that he paid an attorney to send Rug Doctor "a service letter to review the incident." He states that he received a postcard in return, but no court date.

Plaintiff asserts that he has begun hearing "personal, sexual, and racial slur words in [his] apartment and at [his] other jobs." These are the same words said behind his back at Rug Doctor. According to plaintiff, these words are "[i]n the voice of Joe Wright, and Joshua Laughlin." Because of the "noise campaign and the voices," plaintiff left his apartment and moved in with his sister. He later checked himself into SSM Health. During his time there, plaintiff asserts that he

4

did not hear any voices, but that when he returned to work he heard "the main two guy voices coercing, harassing, manipulating, annoying and creating negative thought patterns." These voices continued to follow plaintiff throughout his next three jobs.

Since moving into his new apartment, plaintiff has heard these voices, found graffiti of his brother's name, and KKK symbols around his home. He also accuses an elderly neighbor of giving him the middle finger.

The third exhibit is a series of pictures, including: a Rug Doctor checklist with the word "noose" on it; several shots of a Rug Doctor disciplinary form; apparent graffiti on a roadside barrier; a U.S. Postal Service form; and a side-by-side photograph of the two individual defendants. (Docket No. 5 at 4-11).

The fourth exhibit is an instructional form for QuWave Defender, which is marketed as a device to guard "targeted individuals" against electromagnetic frequencies. (Docket No. 5 at 12).

The fifth exhibit is a picture of the QuWave device. (Docket No. 5 at 13).

The final exhibit is a blurry photograph that the Court cannot identify. (Docket No. 5 at 14).

## The Amended Complaint

On June 6, 2023, before the Court could review plaintiff's employment discrimination action under 28 U.S.C. § 1915, plaintiff filed an amended complaint. (Docket No. 6). The amended complaint is on a Court-provided civil complaint form, and names Rug Doctor, Joe Wright, and Joshua Laughlin as defendants. (Docket No. 6 at 2). Instead of bringing his amended complaint under Title VII, plaintiff asserts that the Court has federal question jurisdiction under the "Invasion of Privacy Act, Wiretap Act, Electronic Communications Privacy Act, [and] Foreign Intelligence Surveillance Act." (Docket No. 6 at 3).

5

The "Statement of Claim" consists of the previously-submitted exhibit—described in detail above—in which plaintiff alleges that he is being stalked, that a coworker has something to do with his brother's death, that he is hearing the voices of two men following him around, and that he is being deliberately targeted. (Docket No. 6 at 5). Based on these assertions, plaintiff seeks "full compensation for the life of [his] brother," as well as for "depression, mental distress, defamation, [and] relief from surreptitious stalking, targeting, harassment, [coercion], [and] manipulation." (Docket No. 6 at 6).

## Discussion

Plaintiff is a self-represented litigant who has filed an employment discrimination complaint under Title VII, and an amended complaint containing unrelated allegations of stalking and invasion of privacy. Because he is proceeding in forma pauperis, the Court has reviewed plaintiff's complaints under 28 U.S.C. § 1915. Based on this review, the Court has determined that the amended complaint is deficient and subject to dismissal. However, the Court will give plaintiff the opportunity to file a second amended complaint.

### A. Deficiencies in Amended Complaint

As noted above, plaintiff initiated this civil action by filing an employment discrimination complaint, asserting that he had been terminated from his job due to his race. Subsequently, he filed an amended complaint containing entirely different factual allegations about two individuals harassing and stalking him. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Thus, the amended complaint is the operative pleading.

The amended complaint is deficient and subject to dismissal for three reasons. First, plaintiff has not demonstrated that the Court has subject matter jurisdiction. *See Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990) (explaining that the presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case). Regarding a federal question, plaintiff has listed a number of statutes, but has not shown that any of them are relevant to this action, or that they even provide a right of action against these particular defendants. *See Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (explaining that to show federal question jurisdiction, the complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law").

As to diversity jurisdiction, plaintiff has not shown that the parties are diverse. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship").

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). Plaintiff has not carried this burden.

Second, plaintiff has failed to state a claim against defendants. To state a claim, plaintiff must provide factual allegations that are sufficient "to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). "While all pleadings are to be construed to do substantial justice . . . the pleading must at a minimum be sufficient to give the defendant notice of the claim." *Tatum v. Iowa*, 822 F.2d 808, 810 (8th Cir. 1987).

In this case, plaintiff's allegations do not provide any indication as to what defendants did or did not do to harm him. Instead, he relies on unsupported assertions that have no basis in fact, and that border on the frivolous. As such, plaintiff has not raised his right to relief above the speculative level, and he has not given defendants notice of the basis of the claims against them.

Third, to the extent that plaintiff's original complaint and amended complaint are meant to be read together, the Court notes that plaintiff has inappropriately joined together unrelated claims. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, plaintiff's original complaint is an employment discrimination action against his former employer under Title VII, in which plaintiff contends that he lost his job due to racial discrimination. The amended complaint, on the other hand, suggests that two individuals are using their voices to harass and stalk plaintiff. These two claims are unrelated.

8

For all of these reasons, plaintiff's amended complaint is subject to dismissal.

## B. Order to Amend

Rather than dismiss this action, the Court will give plaintiff an opportunity to file a second amended complaint, according to the instructions set forth below.

Plaintiff should type or neatly print his second amended complaint on the Court's employment discrimination form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the second amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. In any event, all the defendants must be clearly listed. **The Court notes, however, that if plaintiff is bringing an action under Title VII, he should only name his employer as defendant, and not individual supervisors or coworkers**. *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers").

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety – following the instructions on the form – and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

The second amended complaint should contain a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). As previously discussed, the second amended complaint

9

should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff will be given thirty days in which to file his second amended complaint on the Court-provided form. If plaintiff does not submit a second amended complaint within thirty days, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, as discussed above, the Court has determined that the instant action is subject to dismissal, and has ordered plaintiff to file a second amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

10

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docket No. 3; Docket No. 7) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's employment discrimination form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

_/s/ Shirley P. Mensah_
SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this August 14, 2023.