# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN THURMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-659 SPM |
| ) | |
| RUG DOCTOR, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court upon review of plaintiff Benjamin Thurman's second amended complaint. [ECF No. 14]. For the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

**The Original Complaint**

Plaintiff Benjamin Thurman, a self-represented litigant, filed the instant action on May 17, 2023. [ECF No. 1]. Plaintiff filed his original complaint against his former employer Rug Doctor, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq*. He claimed that he had been discriminated against based on his race and color in the terms and conditions of his employment, and that he had been unlawfully terminated from his employment in April of 2022.

Specifically, he asserted that he was hired by Rug Doctor as a repair technician in September of 2020, and that approximately a year later he noticed that someone at work had written a racially insensitive term on some of his documents. He further claimed that he was subjected to slur words behind his back by certain coworkers. Plaintiff claimed that eventually, he was written up at work and told that he was being discharged for disruptive behavior. However, he insisted that he was discharged due to his race. Plaintiff also claimed that he had been the victim of unlawful harassment and stalking. Plaintiff alleged that he was seeking injunctive relief to stop the harassment and stalking.

**Supplements to Original Complaint**

On June 5, 2023, the Court received a document titled, "Memorandum for Clerk," which contained exhibits in support of his original complaint. [ECF No. 5]. The Court treated the exhibits as part of the original complaint in accordance with Federal Rule of Civil Procedure 10(c).

The first exhibit was plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights. [ECF No. 5 p. 2]. In his charge, plaintiff claimed that he was terminated because of race discrimination in violation of Title VII. He additionally asserted that he had been subjected to racial discrimination

in the terms and conditions of his employment. *Id.* However, his second exhibit was a document in which he claimed that he had been stalked due to workplace retaliation. *See* ECF No. 5, p. 3. He alleged that "[t]hey are trying everything they can to harass, coerce, convince, manipulate, [and] annoy" him, and are trying to make it look like he has "a mental health problem." Plaintiff asserts that his "privacy has been invaded," and that before his termination at Rug Doctor, he "was targeted," and his "personal information…displayed behind [his] back in a sly, sneaky, surreptitious way." *Id.*

His assertions included the statement that his "brother ended up dead." He insinuated that his brother's death involved a coworker, stating that at the time of his brother's death, this unnamed individual – who did not like plaintiff – took vacation, and later returned clean shaven and with a haircut, "as if he had gotten away with something." *Id.* Following these allegations, plaintiff also asserted that he began hearing "personal, sexual, and racial slur words in [his] apartment and at [his] other jobs." These are the same words said behind his back at Rug Doctor. According to plaintiff, these words are "[i]n the voice of Joe Wright, and Joshua Laughlin." Because of the "noise campaign and the voices," plaintiff left his apartment and moved in with his sister. He later checked himself into SSM Health. During his time there, plaintiff asserts that he did not hear any voices, but that when he returned to work he heard "the main two guy voices coercing, harassing, manipulating, annoying and creating negative thought patterns." These voices continued to follow plaintiff throughout his next three jobs. Since moving into his new apartment, plaintiff has heard these voices, found graffiti of his brother's name, and KKK symbols around his home. He also accuses an elderly neighbor of giving him the middle finger. [ECF No. 5, p. 3].

Plaintiff's third supplement to his original complaint contained a series of pictures, including: a Rug Doctor checklist with the word "noose" on it; several shots of a Rug Doctor

4

disciplinary form; apparent graffiti on a roadside barrier; a U.S. Postal Service form; and a side-by-side photograph of the two individual defendants. [ECF No. 5, pp. 4-11].

Plaintiff's fourth supplement to his original complaint was an instructional form for QuWave Defender, which is marketed as a device to guard "targeted individuals" against electromagnetic frequencies. [ECF No. 5, p. 12]. And the fifth supplement to his original complaint is a picture of the QuWave device. [ECF No. 5, p. 13].[1]

## The Amended Complaint

On June 6, 2023, before the Court could review plaintiff's employment discrimination action under 28 U.S.C. § 1915, plaintiff filed an amended complaint. [ECF No. 6]. The amended complaint was on a Court-provided civil complaint form, and named Rug Doctor, Joe Wright, and Joshua Laughlin as defendants. Instead of bringing his amended complaint under Title VII of the Civil Rights Act of 1964, plaintiff asserted claims under "Invasion of Privacy Act, Wiretap Act, Electronic Communications Privacy Act, [and] Foreign Intelligence Surveillance Act."

The "Statement of Claim" consisted of the previously-submitted exhibit – described in detail above – in which plaintiff alleges that he is being stalked, that a coworker has something to do with his brother's death, that he is hearing the voices of two men following him around, and that he is being deliberately targeted. [ECF No. 6, p. 5]. Based on these assertions, plaintiff sought "full compensation for the life of [his] brother," as well as for "depression, mental distress, defamation, [and] relief from surreptitious stalking, targeting, harassment, [coercion], [and] manipulation." *Id*.

---

[1]The final supplement to the original complaint was a blurry photograph that the Court could not identify. [ECF No. 5, p. 14].

5

**Order to Amend the Complaint**

On August 14, 2023, the Court noted the deficiencies in plaintiff's prior pleadings and ordered plaintiff to submit a second amend complaint on a Court-provided form no later than September 13, 2023. [ECF No. 11].

In directing plaintiff to submit a second amended complaint the Court noted that plaintiff was unable to bring both an employment discrimination complaint and a separate unrelated complaint for stalking/harassment/invasion of privacy in the same lawsuit; therefore, he would need to separate his claims in separate lawsuits. *See* Fed.R.Civ.P.18 and 20.

Additionally, the Court noted that if plaintiff wished to pursue his claims for stalking/harassment/invasion of privacy and not his employment discrimination claims in his new second amended complaint, he would need to substantiate the Court's jurisdiction within his second amended complaint. *See Kronholm v. Fed. Deposit Ins. Corp.,* 915 F.2d 1171, 1174 (8th Cir. 1990) (explaining that the presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case). For example, although plaintiff listed several federal statutes, such as "Invasion of Privacy Act, Wiretap Act, Electronic Communications Privacy Act, [and] Foreign Intelligence Surveillance Act," he had failed to show that any of them were relevant to this action, to the listed defendants or that they provided a private right of action. *See Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (explaining that to show federal question jurisdiction, the complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law").

**Second Amended Complaint**

On September 13, 2023, plaintiff filed his second amended complaint on a Court-provided civil complaint form against defendant Rug Doctor. He asserts claims under the following: "Privacy Act of 1974; Computer Match and Privacy Act of 1998; Wiretap Act; and Electronic Communication Privacy Act." Plaintiff seeks monetary damages in an amount of $500,000 for being "retaliated upon" and "surreptitiously stalked."

Plaintiff claims that when he was going over documents at work someone had written racial slurs on one of his documents, and he was subject to "sly personal slur words behind [his] back by [his] coworkers." Plaintiff acknowledges that he was told he was being terminated for "insubordination," but he claims he was discharged because of his race.

Plaintiff alleges that "they" have done everything they can to make it appear as though he has a mental health problem or to "outrage against people or to harm [himself]." He claims, "they try to silence me to let them mind control or harm me." Plaintiff asserts:

> I'm being Surreptitiously stalked…my privacy has been invaded, intruded upon and spread to follow. Before my termination at the rug doctor I was targeted. My personal information was being displayed behind my back in a sly, sneaky, surreptitious way. On September 29, 2021, I received a work document with a racist slur written on it. I showed the manager at the time an[d] was told to disregard it. Over the course of two yrs [sic] I was harassed, moved around, given bad performance wright [sic] up, discredit, an[d] was given a "special project." That lead [sic] to my termination. Before my termination my brother ended up dead May 26, 2022. I noticed one of the main co-worker[s] that didn't like me took vacation at this time. And [I] notice[d] his clean shave and hair cut when he came back from [vacation] (as if he had gotten away with something). A month later June 23, 2022, I was terminated for insubordination. I immediately reached out to a lawyer. Eric Routtencutter 100$ to send rug doctor a service letter to review the incident. I later received a post card stating they received the service letter, but I didn't receive a court date. At this time I'm being Surreptitiously targeted and stalked. I started to hear the same personal, sexual, and racial slur words in my apartment and at my other jobs that where [sic] being displayed behind back at the rug doctor. In the voice of Joe Wright, and Joshua Laughlin. I soon [moved] from that apartment due to noise campaign and the voices. I moved in with my sister for a few months but even then I would still hear there [sic] voices. Coercing, convincing, manipulating

> and annoying me to a state of paranoia. I just wanted them to leave me alone so I reached out for help. I checked in to SSM health 10/7/2022 was released 10/10/2022. My time spent at SSM I didn't hear any voices besides the people that where [sic] there. Like that's where they wanted me. After released I returned to work at my job at the time and could still hear the main two guys coercing, harassing, manipulating, annoying and creating negative thought patterns. As this followed me workplace to workplace, I was released from my next 3 jobs. After living with my sister I finally found an apartment I was able to move in 12/2/2022. Since moving in to my new apartment iv [sic] had constant complaints of noise campaign iv [sic] called the cops numerous times. I'm still hear those guys voices. Iv [sic] found graffiti of my brother's name on a street rail and kkk symbol around my home. My apartment and car have been surreptitiously invaded things moved around and not how I left them. My neighbor is an elder lady but my camera caught her giving me the middle finger. I don't know what [is] going on around me as far as things I can't physically see. Iv [sic] been in and out of depression. And I have taken a lot of mental distress. I'm just trying to live my life before this all of [the] sudden became part of me. I'm being Surreptitiously Stalked.

[ECF No. 14, p. 7].

Despite the warning in the Court's August 14, 2023 Memorandum and Order, plaintiff has failed to connect this allegations within his second amended complaint to defendant Rug Doctor. Additionally, he has failed to articulate how claims under the "Privacy Act of 1974; Computer Match and Privacy Act of 1998; Wiretap Act; and Electronic Communication Privacy Act" relate to the claims set forth in his second amended complaint.

**Discussion**

Having reviewed and liberally construed the second amended complaint, the Court is unable to discern plaintiff's claims regarding Rug Doctor, his former employer. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that plaintiff

8

has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Additionally, plaintiff's allegations and his prayer for relief are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that that this action is **DISMISSED**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 13] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal shall not be taken in good faith.

Dated this 19th day of September, 2023.

                                                     HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE